WILLIAM A. TREADWELL et ux. *vs.* NANCY SORRELL, Adm'x.

The petition in this case avers that the debts of the deceased have been paid, and there is an estate to be distributed. *Held*, that this is a *primâ facie* showing that the administratrix ought to make a final settlement. *Robinson* v. *Gholson*, 8 S. & M. 392, cited, confirmed, and explained by the court.

The motion to dismiss the petition must be construed as admitting the truth of its allegations. *Held*, that the petition is sufficient in law to require an answer, and the decision of the court below dismissing the petition is erroneous.

ON appeal from the probate court of Tishamingo county; Hon. E. E. Gillenwaters, judge.

The case comes up on appeal from the judgment of the probate court of Tishamingo county, dismissing the petition of the appellants, calling on the administratrix, (Sorrell,) for a final settlement. The petitioners show that they are the heirs and distributees of the deceased, and that administration had been granted in 1841, and no final settlement had been made, and that the debts of the estate have been paid. The petition was dismissed, from which order the petitioners appealed to this court.

*Word*, for appellants,

Cited and relied on *Noland* v. *Calvil et al.*, 12 S. & M. 273; *Robinson* v. *Gholson*, 8 Ib. 392.

*Reynolds & Kinyon*, for appellee,

Cited in reply, Hutch. Code, 665, 666, sec. 94, 95; 8 S. & M. 392; contending the plaintiff in error was not in a situation to appeal to this court.

Mr. Justice FISHER delivered the opinion of the court.

The petition in this case was filed in the probate court of Tishamingo county by a distributee of an estate; and, there-

Treadwell et ux. *v.* Sorrell.

fore, does not come within the rule laid down in the case of *Robinson* v. *Gholson*, 8 S. & M. 392, where the citation was issued by the court without petition from a person interested in the estate.

The petition in the case now before the court, avers that the debts of the deceased have been paid, and that there is an estate to be distributed. This presents to the court at least a *primâ facie* showing that the administratrix ought to make a final settlement.

The motion to dismiss the petition must be construed as admitting the truth of its allegations, and, under this view of the subject, the case presented by the petition is sufficient in law to require an answer.

If the court had merely dismissed the citation, then the position taken by counsel would have been correct, that the petitioners could not have appealed to this court; but the order of the court in the record, shows a dismissal of the petition as well as the citation. An order dismissing the citation would have extended only to errors in the writ; and another citation upon the same petition would have been ordered.

The decree of the probate court reversed, cause remanded, and the defendant required to answer, and defendant to pay costs.